# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| Case Title : | David Bradly Abbott and Rowena Abbott | Case No : | 14–31993 – E – 13C |
|---|---|---|---|
| | | Date : | 04/28/2015 |
| | | Time : | 03:00 |

| Matter : | [36] – Motion/Application to Confirm Chapter 13 Plan [SJS–2] Filed by Debtor David Bradly Abbott, Joint Debtor Rowena Abbott (jgis) |
|---|---|

| Judge : | Ronald H. Sargis | Courtroom Deputy : | Janet Larson |
|---|---|---|---|
| Department : | E | Reporter : | Diamond Reporters |

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Debtor(s) Attorney – Scott Johnson
**Respondent(s) :**
           Talvinder Bambhra (for the Trustee)

MOTION was :
Granted
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014–1(f)(1) Motion – Hearing Required.

Correct Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Chapter 13 Trustee, all creditors, parties requesting special notice, and Office of the United States Trustee on March 16, 2015. By the court's calculation, 43 days' notice was provided. 42 days' notice is required.

The Motion to Confirm the Plan has been set for hearing on the notice required by Local Bankruptcy Rule 3015–1(d)(1), 9014–1(f)(1), and Federal Rule of Bankruptcy Procedure 2002(b). Opposition having been filed, the court will address the merits of the motion at the hearing. If it appears at the hearing that disputed material factual issues remain to be resolved, a later evidentiary hearing will be set. Local Bankr. R. 9014–1(g).

The court's decision is to grant the Motion to Confirm the Amended Plan.

David and Rowena Abbott ("Debtors") filed the instant Motion to Confirm the Amended Plan on March 11, 2015. Dckt. 36.

TRUSTEE'S OBJECTION

David Cusick, the Chapter 13 Trustee, filed an objection to the instant Motion on April 7, 2015. Dckt. 42. The Trustee objects on the ground that the February 2015 plan payment is not clear. The Additional Provisions state that "Debtors have paid a total of $200.00 to the trustee through February 25, 2015. Commencing February 25, 2015 monthly plan payments shall be $240.00 for the remainder of the plan." The Trustee believes that the Debtors could propose payments of $515.00 through March 10, 2015, and then $240.00 per month commencing March 25, 2015 for the remainder of the plan.

The Trustee also notes that the plan marks that there are not additional provisions appended to the plan yet there is a Section 6 attached. The Trustee also states that the Additional Provisions should be identifies as section 6.01, not section 6.

DISCUSSION

11 U.S.C. 1323 permits a debtor to amend a plan any time before confirmation.

The Trustee's objections are well–taken. The Additional Provisions of the proposed plan contains ambiguities as to what the February 25, 2015 payment should be. Based on the language, the court agrees with the Trustee that the Debtors meant to state that the Debtors will pay $515.00 in plan payments through March 10, 2015 and $240.00 per month beginning March 25, 2015 for the remainder of the plan. This ambiguity appears to be a mere scrivener's error which can be corrected in the order confirming. Furthermore, the Trustee's concerns over the Additional Provisions, namely the plan properly indicating that there are additional provisions and that the section be numbered "6.01," can be corrected in the order confirming as well.

Therefore, after the February monthly payment is corrected to $515.00 through March 10, 2015 and then $240.00 per month beginning March 25, 2015 for the remainder of the plan and the Additional Provision is correctly numbered in the order confirming, there are no further objections.

Therefore, after the corrections in the order confirming, the amended Plan complies with 11 U.S.C. 1322, 1323 and 1325(a) and is confirmed.